UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　Plaintiff,<br><br>v.<br><br>ROBERT NELSON HOWELL, JR.<br>　　Defendant. | CASE NO. 5:22-CR-103-KKC-1<br><br><u>**OPINION AND ORDER**</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Robert Nelson Howell, Jr.'s motion to reconsider denial of early termination of supervised release. (R. 10.) For the following reasons, the Court will deny his motion.

Howell's supervised release started on January 6, 2021 and is scheduled to end on January 5, 2026. (R. 1.) The Court previously denied Howell's motion to terminate his supervised release. (R. 8.) Now, Howell moves the Court to reconsider its decision, arguing that his conviction "occurred over three decades ago and Defendant has since demonstrated significant rehabilitation and law-abiding conduct." (R. 10 at 2.) He asserts that he "is not a danger to the community, [and] has reintegrated successfully into society." (*Id.*)

"[C]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Guzman*, 5:16-cr-41, 2019 U.S. Dist. LEXIS 157625 at \*3–4 (E.D. Ky. Sept. 16, 2019) (internal

citations omitted). The standard for a motion under Rule 59(e) is "necessarily high." *Hewitt v. W. & S. Fin. Grp. Flexibility Benefits Plan*, No. 16-120-HRW, 2017 U.S. Dist. LEXIS 105097, at *1 (E.D. Ky. July 7, 2017). The moving party may not use a Rule 59(e) motion as a tool to "re-litigate issues the Court previously considered." *Id*. A court may only grant a Rule 59(e) motion if the moving party sets forth: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Further, "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2008).

      Howell's motion does not warrant overturning the Court's previous decision to deny his motion to terminate his supervised release. As the Court explained in its original order denying the motion to terminate supervised release, Howell's five-year term of supervised release was lawfully imposed in accordance with 18 U.S.C. § 3583(a). He argues that his aggravated robbery conviction happened long ago and he has "since demonstrated significant rehabilitation and law-abiding conduct." (R. 10 at 1–2.) While the Court commends Howell's progress, his compliance with the conditions of supervised release does not demonstrate the kind of behavior that would persuade this Court to grant early termination. The fact that Howell has completed "over 85% of his term" does not change the Court's analysis. Supervised release is still needed to adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment. *See* 18 U.S.C. §§ 3583(a), 3553(a).

Additionally, nothing in Howell's motion supports that there was an intervening change in controlling law or a clear error of law. While Howell "further invokes recent legal and policy developments," his references to such developments are vague. He cites to "public statements and executive actions such as those by former President Donald J. Trump and former Florida Attorney General Pam Bondi[.]" (R. 10 at 2.) The use of the word "former" indicates Howell is referring to statements and executive actions made by President Trump during his first administration and those made by Bondi during her 2011-2019 term as Florida Attorney General. These "developments," which allegedly "emphasized safeguarding Second Amendment rights," existed at the time Howell brought his motion to terminate his supervised release in 2025. The Court has already considered Howell's broad claims related to the Second Amendment and nothing in Howell's motion convinces the Court that there was a clear error of law.

Howell has not established newly discovered evidence, a need to prevent manifest injustice, a clear error of law, or an intervening change in controlling law that would warrant reconsideration of the Court's earlier decision.

Accordingly, the Court hereby **ORDERS** that Defendant Robert Nelson Howell, Jr.'s motion to reconsider denial of early termination of supervised release (R. 10) is **DENIED**.

This 12th Day of November 2025.



Signed By:
*Karen K. Caldwell*
United States District Judge